UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| DEWANZEL SINGLETON | ) | |
|---|---|---|
| | ) | No. 10 C 6282 |
| v. | ) | |
| | ) | Honorable John Darrah |
| UNITED STATES OF AMERICA | ) | |

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon the *pro se* motion of Petitioner, Dewanzel Singleton ("Petitioner"), to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("Section 2255").

## **BACKGROUND**

On September 12, 2007, Petitioner was indicted in a multi-count indictment, charging him as a participant in a narcotics conspiracy. The Petitioner pleaded guilty to conspiring to possess and distribute cocaine. On March 3, 2009, pursuant to a plea agreement, Petitioner was sentenced to ninety-seven months of imprisonment. Petitioner then moved to withdraw his plea and to dismiss the indictment against him as insufficient. The Court denied both motions.

Petitioner then appealed the district court's denial of his motion to withdraw his guilty plea, denial of his motion to dismiss the indictment against him as insufficient, and the Court's refusal to issue a below-Guidelines sentence. On December 2, 2009, the Seventh Circuit affirmed the conviction and sentence.

On September 30, 2010, Petitioner filed this Section 2255 petition. Petitioner claims that his sentence should be vacated due to the ineffective assistance of his counsel for failing to object to the allegedly erroneous indictment. The Petitioner argues that the indictment was not signed by the prosecutor or the grand jury foreman. The Government argues that aside from

having waived the right to now assert this argument by pleading guilty, Petitioner's claim is foreclosed by Seventh Circuit precedent and nonetheless fails on the merits.

## LEGAL STANDARD

Section 2255 provides, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

The district court must review the record and draw all reasonable inferences in favor of the government. *See Carnine v. United States*, 974 F.2d 924, 928 (7th Cir. 1992). However, Petitioner filed this petition *pro se*; therefore, his petition is entitled to a liberal reading. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

## ANALYSIS

On direct appeal, Petitioner did not raise the issue he now raises in his Section 2255 petition. Ordinarily, a petitioner must then establish cause and actual prejudice. *See United States v. Frady*, 456 U.S. 152, 167-68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). However, a federal prisoner challenging a conviction under Section 2255 can raise an ineffective-assistance-of-counsel claim in a collateral proceeding even where the defendant could have, but did not, raise the claim on direct appeal. *Massaro v. United States*, 538 U.S. 500, 505, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003); *see also Richardson v. United States*, 379 F.3d 485, 487 (7th Cir. 2004). Accordingly, Petitioner was not required to bring his ineffective-assistance claim on direct appeal.

Petitioner argues that his counsel was ineffective because she failed to object to the allegedly erroneous indictment. Claims of ineffective assistance of counsel are reviewed under the two-prong test identified in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (*Strickland*). Under this test, a defendant must demonstrate both (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defendant. *See id.* at 688. The deficiency prong requires a defendant to demonstrate that the representation he received was objectively unreasonable, considering all of the circumstances. Counsel's conduct is strongly presumed to satisfy professional standards. *See id.* at 688-89. To demonstrate actual prejudice, a defendant must show that his counsel's performance was "objectively unreasonable and that, but for her errors, he would not have pleaded guilty." *See Carroll v. United States*, 412 F.3d 787, 793 (7th Cir. 2005); *Hays v. United States*, 397 F.3d 564, 568 (7th Cir. 2005). "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 696.

In this case, Petitioner claims that his counsel provided ineffective assistance when his attorney failed to object to the indictment on the basis that it was not signed by the prosecuting attorney and the grand jury foreman. *See* Fed. R. Crim. P. 6(c) ("The foreperson . . . shall sign all indictments."); Fed. R. Crim. P. 7(c)(1) ("[The indictment] shall be signed by the attorney for the government.").[1]

Petitioner's claim is identical to the argument rejected by the Seventh Circuit in *United States v. Irorere*, 228 F.3d 816 (7th Cir. 2000) (*Irorere*). Like Petitioner, the defendant in

---

[1] The Government responds that the original indictment was signed by the foreman and the prosecuting attorney but that the signature line of the original is not put on the docket in order to protect the privacy of the grand jury foreman. For purposes of this petition, however, the Court will assume *arguendo* that the indictment lacked the relevant signatures, as the Petitioner claims.

3

*Irorere* alleged that the indictment against him was deficient in that it lacked the signatures of the jury foreperson and the attorney for the government. *Id.* at 830. However, the Seventh Circuit held that the lack of these signatures was a mere "technical deficiency" that was not fatal to the indictment. *Id.* at 831.

Given the holding of *Irorere*, any objection by Petitioner's counsel to the lack of signatures would have been meritless. Thus, counsel's performance was not deficient in this regard, nor did it prejudice Petitioner. Therefore, Petitioner has not met either prong of the *Strickland* standard; and his ineffective-assistance-of-counsel claim must fail.

## CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255 is denied.

Dated: 2-3-11

JOHN W. DARRAH
United States District Court Judge